IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PEDRO CAMACHO-CASTILLO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-551-P |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Pedro Camacho-Castillo, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## **BACKGROUND**

Petitioner is serving two concurrent federal sentences resulting from his multiple criminal convictions in the United States District Courts for the Northern District of Georgia, Case No. 1:14-CR-0013-AT, and the District of South Carolina, Case No. 4:12-CR-00971-RBH. Resp't's App. 44-55, ECF No. 15. Respondent provides the following background facts:

> Department of Homeland Security agents arrested Petitioner on July 7, 2013, and he has remained in continuous federal custody since that date. Petitioner ultimately pled guilty to a two count criminal information filed in the Northern District of Georgia, and on April 24, 2014, he was sentenced in that district to a 48 month term of imprisonment.

>       After sentencing in the Northern District of Georgia, Petitioner was transferred to the District of South Carolina, where he was one of six defendants named in a one count indictment filed in that district in 2012. Petitioner ultimately pled guilty to the District of South Carolina indictment, and on April 21, 2015, he was sentenced in that district to a 162 month term of imprisonment, to run concurrently with the term imposed in the Northern District of Georgia.

Resp't's Resp. 2, ECF No. 13 (citations omitted).

By way of this petition, Petitioner challenges the Bureau of Prisons's sentence computation. Pet. 5, ECF No. 1. Specifically, he asserts a "due process violation by Bureau of Prisons [hereinafter "BOP"] for refusing to comply with judgment and commitment order directing them to award me credit towards sentence." *Id.* In support, he provides the following supporting facts and request for relief:

> (1) The [BOP] acknowledges that the Judgment and Commitment Order in Case Number: 4:12-CR-000971-RBH ordered them to award me credit from July 7, 2013 to the date of my sentencing in the case. (2) They state that because the time has already been credited towards the sentence imposed in Case Number: 1:14-CR-0013, they will not comply with the Judgment and Commitment Order by the federal court. (3) My judgment and Commitment Order explicitly states that I "SHALL" receive credit for time served from July 7, 2013 through my sentencing in the case but the [BOP] refuses to comply with the Order by the federal court. (4) I believe the [BOP] is ignoring the federal order and violating my rights to Due Process by not executing the sentence as ordered. (5) I ask for this Court to require the [BOP] to comply with the Judgment and Commitment Order and apply the credits I am entitled to and ordered by the federal court in Case Number: 4:12-CR-000971-RBH.

*Id.*

## EXHAUSTION

Respondent asserts that Petitioner has exhausted his administrative remedies. Resp't's

Resp. 2, ECF No. 13.

## DISCUSSION

Respondent explains the computation method used by the BOP to compute Petitioner's sentences under 18 U.S.C. § 3584(c) as follows:

> Pursuant to 18 U.S.C. § 3584(c), for computation purposes, the BOP aggregated Petitioner's concurrent federal terms of imprisonment into a single term of 14 years, 5 months, and 27 days, commencing when his first sentence (*i.e.,* the Northern District of Georgia sentence) was imposed on April 24, 2014. Pursuant to 18 U.S.C. § 3585(b), the BOP has applied 291 days of presentence custody credit to the aggregate term from Petitioner's arrest on July 7, 2013, to April 23, 2014, the day before commencement of the aggregate term. With this credit and applicable good conduct time credit pursuant to 18 U.S.C. § 3624(b), Petitioner's current projected release date from the aggregate term is December 23, 2025.
>
> The length of Petitioner's aggregate term was calculated as follows: First, each sentence was separately calculated to determine full term dates (*i.e.,* the dates on which each sentence would lapse, not accounting for credit for presentence custody or good conduct time) for each sentence. For Petitioner's first federal sentence, calculated as a 48 month (*i.e.,* four year) term of imprisonment commencing on April 24, 2014, this date is April 23, 2018. For Petitioner's second federal sentence, calculated as a 162 month (*i.e.,* 13 year and 6 month) term of imprisonment commencing when imposed on April 21, 2015, this date is October 20, 2028.
>
> Next, the full term dates were subtracted, resulting in an "overlap" period (*i.e.,* a period which, if the sentences were not aggregated, only one would be served) of 10 years, 5 months, and 27 days.
>
> | year | month | day | |
> |------|-------|-----|---|
> | 2028 | 10 | 20 | (full term date of second federal sentence) |
> | <u>2018</u> | <u>04</u> | <u>23</u> | (full term date of first federal sentence) |
> | 10 | 05 | 27 | ("overlap" of 10 years, 5 months, 27 days) |
>
> Next, the "overlap" period of 10 years, 5 months, and 27 days was added to the four year length of Petitioner's first federal sentence to arrive at

3

an aggregate term of 14 years, 5 months, and 27 days:

| years | months | days | |
|---|---|---|---|
| 04 | 00 | 00 | (length of first federal sentence) |
| 10 | 05 | 27 | (length of "overlap" period) |
| 14 | 05 | 27 | (length of aggregate term of imprisonment) |

Computed as an aggregate 14 year, 5 month, and 27 day term of imprisonment commencing on April 24, 2014, with credit for 221 days of presentence custody between July 7, 2013 and April 23, 2014 (*i.e.,* the period between Petitioner's arrest and his first federal sentencing) pursuant to 18 U.S.C. § 3585(b), and taking into account all good conduct time credit for which Petitioner may be eligible pursuant to 18 U.S.C. § 3624(b), Petitioner's sentences result in a current projected release date of December 23, 2025. Should Petitioner have any good conduct time withheld or forfeited as a result of any future failure to comply with BOP disciplinary rules, the projection of his release date will be subject to change accordingly.

*Id.* at 2-5 (footnotes and citations omitted).

Petitioner contends that it was the intent of the District of South Carolina court to "back date the sentence imposed in Case No. 4-12-CR-971, to the date of sentence imposed in Case No. 1-14-CR-13-AT" by the Northern District of Georgia court. Pet'r's Objs. 1, ECF No.

The United States Attorney General, through the Bureau of Prisons (BOP), "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003). Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Further, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* § 3585(c). In order to aggregate multiple terms of imprisonment, each sentence to be included in the aggregation must be considered. The procedure for aggregating federal sentences is set forth in BOP Program Statement 5880.28.[1] When calculating aggregate concurrent sentences, the BOP first must determine the commencement date and the length of the aggregated term. The commencement dates and

---

[1] The BOP's program statements are available on the Internet at U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), http://www.bop.gov/resources.

sentence length of the aggregated term are determined by computing the effective full term dates (EFT) of each sentence. Next, the "overlap" period is identified by subtracting the EFT of sentence 1 from the EFT of sentence 2, resulting in an overlap period. The length of the aggregated sentence is then determined by adding the length of sentence 1 to the overlap period. After the EFT of the aggregated sentence is determined, prior custody credit and good conduct time are computed into the aggregated sentence.

Applying these principles to the present case, the BOP was required to aggregate Petitioner's multiple sentences under § 3584(c) and correctly computed his sentence in compliance with BOP policy. "Concurrent" does not mean that the two sentences would have "the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980). Thus, concurrent federal sentences do not operate in a retroactively concurrent manner. That is, a concurrent federal sentence does not commence before it was imposed, but rather it commences when it was imposed and runs alongside the undischarged remainder of the sentence to which it was ordered to run concurrently. Petitioner has failed to meet his burden of showing an error in sentence calculation and, therefore, his claim must fail.

## CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. Petitioner's request that the case be transferred

back to the District of South Carolina is also **DENIED.**

**SO ORDERED** on this **3rd** day of **April, 2020.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE